# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Gerri M. Rech, | Case No. 0:17-cv-02117-PAM-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Alter Trading Corporation, | |
| Defendants. | |

Pursuant to Local Rule 5.6, the parties filed a Joint Motion Regarding Continued Sealing for a document filed under temporary seal in connection with the Defendant's Motion for Summary Judgment. (Joint Mot., ECF No. 41; Mot. for Summ. J., ECF No. 23.) The document at issue is an email string that the parties agree should remain under seal because it contains information about Defendant's employees. (Sealed Ex. H, ECF No. 34; Joint Mot. at 3.) Having reviewed the document, the Court agrees that the specific names of the other employees that are identified in the email string need not be made public because the salutary interests in maintaining confidentiality outweigh the public's qualified right of access to judicial records. *IDT Corp. v. eBay*, 709 F.3d 1220, 1223–24 (8th Cir. 2013) (discussing balancing test for determining whether judicial records should be sealed). For that reason, the Joint Motion Regarding Continued Sealing is **GRANTED**. The Clerk is directed to keep **ECF No. 34** sealed.

However, regardless of the Defendant's application of the confidentiality designation to the entire document, the Court concludes that the email string at ECF No. 34 must be refiled publicly with redactions that conceal only those non-party employees' names. Redaction of the document in that manner is not impractical. There has been no showing in the record that the other information in the email string is competitively sensitive business information or otherwise entitled to

1

protection from disclosure. And the document has been used in connection with the District Court's exercise of its Article III judicial power in determining whether or not Defendant is entitled to summary judgment.[1] *IDT Corp.*, 709 F.3d at 1224 ("The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts."). For these reasons, the Court concludes that the public's qualified right of access to judicial records outweighs any interest of the Defendant in maintaining confidentiality of the document.

Date: July 25, 2018

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

---

[1] *See* Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. at 40, 42 & n.10, ECF No. 32.